IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Victoria M. Stanley, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20120075-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (May 10, 2012) |
| Department of Workforce Services, | ) | |
| | ) | 2012 UT App 139 |
| Respondent. | ) | |

-----

Original Proceeding in this Court

Attorneys:    Victoria M. Stanley, Kayenta, Arizona, Petitioner Pro Se
              Jaceson R. Maughan, Salt Lake City, for Respondent

-----

Before Judges Orme, Thorne, and Roth.

¶1     Petitioner Victoria M. Stanley seeks judicial review of the Workforce Appeals Board's (the Board) decision that it lacked jurisdiction to review Stanley's appeal of a decision of the Department of Workforce Services (the Department) denying benefits. We do not disturb the Board's decision.

¶2     On November 9, 2010, the Department denied Stanley unemployment insurance benefits, and Stanley filed a timely appeal. On November 24, 2010, the appeals unit mailed a Notice of Unemployment Appeal Telephone Hearing, *see* Utah Admin. Code R994-508-106, which advised Stanley of a telephonic hearing tentatively scheduled for December 14, 2010. The notice included bold type instructions advising Stanley that she must call one of the listed telephone numbers "at least 24 hours prior to the hearing time to confirm [her] participation" and provide a telephone number where she could be reached for the hearing. The notice also stated, "Failure to call as instructed prior to

the tentatively scheduled hearing time will result in cancellation of your appeal," and "If your case is dismissed for failure to provide your telephone number as instructed prior to the hearing time, . . . you must submit a written request for a hearing." In an Order of Default dated December 13, 2010, an Administrative Law Judge (ALJ) found that although Stanley was "notified by mail to the last-known address of the date, time, and place of hearing, [she] failed to participate in the hearing by not following the instructions in the hearing notice to provide a telephone number at least 24 hours prior to the scheduled hearing start time (or by the business day preceding the hearing if the hearing was scheduled for a Monday or a day after a holiday)." The Order of Default stated that the decision would become final unless she filed a written request for a new hearing within ten days (excluding Saturdays, Sundays and legal holidays) from the date of the decision stating the reasons for missing the original hearing.

¶3     Stanley did not file a timely request for a new hearing. Instead, on January 5, 2012, over one year after the dismissal of her appeal, she again sought to appeal the denial of benefits. Stanley did not refer to the previously scheduled hearing or her reasons for missing that hearing, but stated that she wanted to appeal because she had been unable to find work. Citing rule R994-508-401 of the Utah Administrative Code, the Board ruled that it lacked jurisdiction to review the ALJ's decision dismissing Stanley's appeal because "[a] review cannot be made after one year from the date of the original determination."

¶4     The Board did not err in determining that it lacked jurisdiction to consider Stanley's appeal. After Stanley filed a timely appeal from the November 2010 decision denying benefits, the appeals unit provided Stanley with the requisite notice of the date and time tentatively scheduled for a telephonic hearing and the requirement that she confirm her participation and provide a telephone number at least twenty-four hours prior to the hearing time. Stanley's failure to contact the appeals unit resulted in entry of an order of default. *See* Utah Admin. Code R994-501-110 ("If the party that filed the appeal fails to call in advance as required by the notice of hearing, the appeal will be dismissed and an order of default will be issued."). Stanley failed to file a timely written request for a new hearing but filed an appeal over a year after entry of the order of default. Because the time permitted for an appeal had long since expired, the Board considered whether it had jurisdiction to review the appeal under its continuing jurisdiction over benefits based upon either a change in conditions or a mistake of fact. *See* Utah Code Ann. § 35A-4-406(2)(b) (2011) (stating that a decision allowing or

disallowing benefits may be reviewed based upon a change in conditions or a mistake of facts); *see also* Utah Admin. Code R994-508-401.  Because no such review is available "after one year from the date of the original determination," *see* Utah Code Ann. § 35A-4-406(2)(f), the Board correctly determined that it lacked jurisdiction to consider Stanley's appeal.

¶5     We decline to disturb the Board's decision that it had no jurisdiction to review Stanley's case and that the decision disqualifying her from receiving unemployment benefits, effective October 10, 2010, remains in effect.


_____
Gregory K. Orme, Judge



_____
William A. Thorne Jr., Judge



_____
Stephen L. Roth, Judge